United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40197
Conference Calendar

_____

MACARIO PERALES,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CV-123
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

Macario Perales appeals from the district court's dismissal
for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1)
and FED. R. CIV. P. 12(b)(6) of his pro se, in forma pauperis
(IFP) civil rights complaint. Perales alleged that the Texas
Department of Criminal Justice (TDCJ) violated his constitutional
rights when, after disciplinary proceedings, the TDCJ seized
money from his prison trust account to pay for prison property
that Perales damaged.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes pro se briefs, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1994). Perales makes no coherent argument that addresses the basis of the district court's decision, and this court will not construct arguments or theories absent a coherent discussion of those issues. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Perales' appeal is without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Perales is WARNED that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.